**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Lane Eisenmann,<br><br>    Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>    Respondents. | No. CV-23-02285-PHX-ROS<br><br>**ORDER** |

Petitioner Gary Lane Eisenmann filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Magistrate Judge Deborah M. Fine filed a Report and Recommendation ("R&R") finding the petition should be denied. (Doc. 25). Petitioner filed objections (Doc. 28), and Respondents responded (Doc. 32). The Court will adopt the recommendation of Magistrate Judge Fine as set forth below.

**I.  Factual Background**

On November 28, 2016, after a 29-day trial in the Maricopa County Superior Court, a jury convicted Petitioner of one count of conspiracy, one count of illegal control of an enterprise, one count of participation in a criminal syndicate, one count of money laundering in the first degree, one count of fraudulent schemes and artifices, seven counts of burglary in the first degree, seven counts of discharge of a firearm at a structure, five counts of theft, three counts of theft of means of transportation, six counts of burglary in the second degree, two counts of fraudulent use of a credit card, four counts of theft of a credit card or obtaining a credit card by fraudulent means, two counts of receipt of anything

of value obtained by fraudulent use of a credit card, three counts of theft, one count of fraudulent use of a credit card, one count of receipt of anything of value obtained by fraudulent use of a credit card, four counts of taking identity of another, four counts of theft, one count of theft, one count of receipt of anything of value obtained by fraudulent use of a credit card, one count of aggravated taking the identity of another, one count of fraudulent use of a credit card, three counts of use of wire communication or electronic communication in drug related transactions, and six counts of theft. (Doc. 19, Ex. KK, at 4–15). And on November 29, 2016, after waiving a jury trial, the trial judge found Petitioner guilty of 19 counts of misconduct involving weapons. (Exs. LL; NN at 86).

At sentencing, the trial court imposed several concurrent prison terms, the longest of which was 25 years with 1,656 days of presentence incarceration credit. (Exs. PP; QQ; RR). On March 3, 2017, Petitioner filed a timely notice of appeal in both matters. (Ex. SS). In his jury trial, Petitioner filed an opening brief asserting his convictions for theft, theft of means of transportation, taking the identity of another, and aggravated taking the identify of another violated the prohibition against double jeopardy. (Ex. VV). In his bench trial case, Petitioner's counsel filed an *Anders* brief, (Ex. YY), and Petitioner subsequently filed a pro per supplemental brief where he raised the following issues: (1) whether the trial court erred in denying Petitioner's motion to suppress/dismiss regarding no judicial order; (2) whether the affidavit for a court-ordered wiretap complied with the necessity requirement of A.R.S. § 13-3010(B)(3); (3) whether the Deputy County Attorney's application for a wiretap complied with A.R.S. § 13-3010(B)(2); (4) whether search warrant number "2012-008515" particularly described the place to be searched and established probable cause; (5) whether search warrant number "2012-007841" established probable cause; (6) whether the search of vehicles not described on a warrant were legally searched; (7) whether substantial evidence was presented to prove guilt beyond a reasonable doubt; (8) whether counts 2 through 10 in the indictment in case number CR2014-001133-001 were "multiplicitous"; (9) whether counts 11 through 19 in the indictment in case number CR2012-009381-001 fairly informed Petitioner of the charges

against him; and (10) whether the dangerous offense definition was properly submitted to the jury (*Id.* Ex. ZZ at 8–55).

On October 18, 2018, the Arizona Court of Appeals issued a consolidated memorandum decision regarding both cases rejecting Petitioner's pro se arguments. (*Id.* at 3). In considering the arguments raised by Petitioner's appellate counsel, the court of appeals modified Petitioner's convictions and sentences in case number CR2012-009381-001 by (1) merging the counts for theft and for theft of means of transportation, (2) vacating Petitioner's convictions and sentences for theft of means of transportation, (3) merging the counts for taking the identity of another with the count for aggravated taking the identity of another, and (4) vacating Petitioner's convictions and sentences for taking the identity of another. (*Id.*). The court of appeals otherwise affirmed Petitioner's remaining convictions and sentences in both cases. (*Id.*). Petitioner did not file a motion for reconsideration in the court of appeals or a petition for review to the Arizona Supreme Court. (*Id.* at 15). With regard to his bench trial convictions, the court of appeals denied his claim that the trial court erroneously denied his suppression motion. (*Id.* at 9–10).

On October 25, 2018, Petitioner initiated his first post-conviction proceeding, and the Maricopa County Superior Court granted his request to file an additional supplemental petition in addition to his counsel's PCR Petition. (*See* Exs. EEE; FFF). In the PCR Petition, Petitioner's defense counsel argued (1) Petitioner's appellate counsel was ineffective for failing to raise a deficiency in the wiretap application that violated his Fourth Amendment rights; and (2) Petitioner's appellate counsel was ineffective for failing to preserve a *Carpenter* issue.[1] Additionally, Petitioner filed his own pro per PCR petition, alleging the following issues:

1. The trial court violated his right to counsel because he was forced to choose between incompetent counsel or no counsel.
2. Maricopa County was the incorrect venue for his convictions on Counts 48, 50, 56 and 59.
3(a). The use of a court order approving the interception/search of

---

[1] *Carpenter v. United States*, 585 U.S. 296 (2018).

- 3 -

          the stolen cell phone that led to the discovery of his identity was fundamental error because no court order existed.

3(b).  His appellate counsel was ineffective for failing to challenge that the court order approving the interception/search of the stolen cell phone that led to the discovery of his identity was missing.

4(a).  The State's use of cell site data location was fundamental error because it lacked foundation.

4(b).  The State violated his Sixth Amendment right to confront the author of the warrants by intentionally suppressing the evidence.

4(c).  His appellate counsel was ineffective for failing to challenge that the warrant lacked foundation.

5.  The State and Arizona department of corrections entered into a contractual agreement to convict him for profit.

6.  The trial court lacked subject-matter jurisdiction based on its pecuniary interest in convicting him.

(Ex. HHH, at 3–28). The Maricopa County Superior Court dismissed Petitioner's PCR proceeding. (Ex. OOO). First, the court found that Petitioner was precluded from relief under Ariz. R. Crim. P. 32.2 on all of his supplemental claims except the subject-matter jurisdiction and ineffective assistance of appellate counsel arguments because he could have raised those other claims on direct appeal. (*Id.* at 2). The court then denied his subject-matter jurisdiction claim finding it was conveyed to the superior court in felony matters by the Arizona Constitution. (*Id.* at 3). The court further rejected his IAC of appellate counsel on the cell site location maps claim, finding he was given the opportunity to file a supplemental brief in his appeal and did so, but failed to raised the issue on appeal. (*Id.*). Preclusion aside, the court found he "failed to establish that the evidence was admitted without foundation." (*Id.*). Finally, the court rejected his IAC of appellate counsel on the wiretap authorization and affidavit claim, finding no prejudice. (*Id.* at 3-4).

The court rejected his motion for reconsideration, *see* Ex. QQQ, and Petitioner filed a petition for review to the Arizona Court of Appeals, raising the following issues:

1.  Whether the trial court erred by allowing evidence at trial that

- 4 -

          the State obtained through an unlawful search without judicial approval.

2. Whether the trial court erred by admitting cell site location data without foundation.
3. Whether the wiretap application violated his Fourth Amendment rights.
4. Whether the trial court err in denying his suppression motion when the wiretap application was insufficient.
5. The trial court violated his right to counsel of choice.
6. The PCR court erred by denying his venue claim.
7. Appellate counsel was ineffective for failing to preserve the Carpenter issue.
8. The PCR court erred by denying his subject-matter jurisdiction claim that the trial court had a pecuniary interest in his conviction.

(Ex. RRR at 1–2). The Arizona Court of Appeals granted review but denied relief finding no abuse of discretion. (Ex. UUU). The Arizona Supreme Court then denied Petitioner's petition for review. (Exs. VVV; WWW).

On November 2, 2023, Petitioner filed his federal habeas petition, raising nine grounds and sub-grounds for relief. (Docs. 1, 2).

**II.     Analysis**

The Magistrate Judge's R&R recommends the Court deny Petitioner's habeas petition. (Doc. 25). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court must review de novo the portions to which an objection is made. *Id.* The district court need not, however, review the portions to which no objection is made, *see Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003), or where an objection merely repeats arguments raised in the habeas petition, *see Scott v. Shinn*, 2021 WL 5833270, at *4 (D. Ariz. Dec. 9, 2021) ("Petitioner's objections largely amount to his repeating the same arguments he raised in his habeas petition and reply. . . . This approach is impermissible—at this stage of the proceedings, Petition must identify specific flaws in the R&R's reasoning, not simply repeat his earlier arguments."). Further, "[i]ssues raised

for the first time in objections to the magistrate judge's recommendation are deemed waived." *Williams v. Ryan*, 2019 WL 4750235, at *5 (D. Ariz. Sept. 30, 2019). Petitioner filed an objection to the R&R. (Doc. 28). Respondents filed a response to the objection. (Doc. 30). For the reasons set forth below, the R&R will be adopted in full.

### A. Procedural Default

The R&R concluded Grounds (1), (2)(b), (4)(b) and (c), and (6) are procedurally defaulted without excuse for the following reasons. As to Ground (1), the R&R found because Petitioner failed to present his claim to the Arizona Court of Appeals on direct appeal, the Ground (1) claim was not exhausted. As to Grounds (2)(b), (4)(b) and (c), and (6), the R&R found because Petitioner failed to present his claims to the Arizona Court of Appeals in his PCR proceedings where he was required to raise such claims, the Grounds (2)(b), (4)(b) and (c), and (6) claims were not properly exhausted. The Court considers each objection below.

### i.   Ground (1)

In Ground (1) of the Petition, Petitioner argues the state and trial court tried Petitioner in the wrong venue and deprived Petitioner of his Sixth Amendment right to be tried in the district where the crime was committed. (Doc. 1 at 6; Doc. 2 at 5-9). The R&R found Petitioner failed to present his Ground (1) to the Arizona Court of Appeals in a procedurally appropriate manner on direct appeal. (Doc. 25 at 20). In his objection, Petitioner argues he presented his Ground (1) claim during direct appeal when he asked the Arizona Court of Appeals in the conclusion section of his pro per supplemental brief—which was in his misconduct-involving-weapons appeal—to "review the issue of Yavapai burglaries being tried in Maricopa County." (Doc. 28 at 5; Doc. 19-7 at 147).

But this brief reference on direct appeal did not sufficiently present the federal legal or constitutional basis for his objection presented herein. *Castillo v. McFadden*, 399 F.3d 993, 999 (requiring a description of "both the operative facts and the federal legal theory on which [a] claim is based so that the state courts [could] have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon [the] constitutional claim") (quoting

*Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003) (first alteration in original)). Additionally, Petitioner attempts to preserve Ground (1) by presenting this venue claim as one of subject-matter jurisdiction, which could be raised at any time. (Doc. 28 at 6–10). But as the United States Supreme Court has found, venue and subject-matter jurisdiction are not the same:

> [V]enue and subject-matter jurisdiction are not concepts of the same order. Venue, largely a matter of litigation convenience, is waived if not timely raised. Subject-matter jurisdiction, on the other hand, concerns a court's competence to adjudicate a particular category of cases; a matter far weightier than venue, subject-matter jurisdiction must be considered by the court on its own motion, even if no party raises an objection.

*Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006) (internal citations omitted); *see also Mohave Cnty. v. James R. Brathovde Fam. Tr.*, 928 P.2d 1247, 1250 (Ariz. Ct. App. 1996) ("Venue is not jurisdictional, but is a privilege which is personal and can be waived if not asserted."). In lower court proceedings, Petitioner presented a separate subject-matter jurisdiction claim based on whether Arizona judges had jurisdiction over him because of a pecuniary interest. (Doc. 19-10, at 28; 19-12 at 78). He has not presented that claim to this Court. Thus, Ground (1) is procedurally defaulted.

### ii.     Ground (2)(b)

In Ground (2)(b) of the Petition, Petitioner asserts that his appellate counsel was ineffective for failing to discover that a court order was missing that approved an "interception/search" that led investigators to Petitioner. (Doc. 2 at 13-14). The R&R found Petitioner's Ground (2)(b) claim was not properly exhausted because he failed to present his claim to the Arizona Court of Appeals in his PCR proceedings. (Doc. 25 at 21). In his objection, Petitioner seemingly generally objects to the R&R's finding, concluding that he raised these specific federal claims several times in state court. (Doc. 28 at 13). But he does not present any substantive argument or citation to the record to support this conclusion, rendering his objection meaningless. *See Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R&R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a

- 7 -

failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R&R are tantamount to no objection at all."). Thus, Ground (2)(b) is procedurally defaulted.

### iii. Grounds (4)(b) and (6)

In Ground Four (b) of the Petition, Petitioner asserts that he was denied his Sixth Amendment rights to confrontation and compulsory process, such that he could not establish the state's Fourth Amendment violations. (Doc. 1 at 9; Doc. 2 at 27–29). Relatedly, in Ground (6), Petitioner asserts he "was deprived of his Sixth Amendment right to an impartial jury of the relevant district" because the state and state court provided "improper and prejudicial jury instructions that diminished the State's burden." (Doc. 1 at 11; Doc. 2 at 35–37). The R&R found Petitioner failed to present both his Ground (4)(b) and (6) claims to the Arizona Court of Appeals in his PCR and thus both claims are procedurally defaulted. (Doc. 25 at 22–23). In his objection, Petitioner attempts to challenge the R&R findings that he did not sufficiently present these claims by asserting he cited to ample federal law, including the Fourteenth Amendment, to preserve the claim. (Doc. 28 at 20, 28–29). But the R&R rejected this argument, finding on both Grounds (4)(b) and 6 that neither Petitioner's general appeals to due process nor his citation of state law cases established the specific federal legal or constitutional basis for Grounds (4)(b) and (6). (Doc. 25 at 21–23). Thus, Grounds (4)(b) and (6) are procedurally defaulted.

### B. Non-Cognizability

In Ground (2)(a), Petitioner argues that his Fourth Amendment right against unreasonable searches and seizures was violated "with the requirements of actual stated 'probable cause' with 'particularity' by the State intentionally violating Tittle [sic] III and State laws." (Doc. 1 at 7; Doc. 2 at 9–20). In Ground (3), Petitioner argues the state violated Article I, Section 1 of the Constitution by unconstitutionally delegating authority to unelected officials, illegally used a wiretap, and used the data obtained from an illegal wiretap to obtain additional warrants. (Doc. 1 at 8; Doc. 2 at 20–24). In Ground (4)(a), Petitioner asserts that the state failed to establish the foundation for cell site location data

introduced in Petitioner's case. (Doc. 2 at 24–27, 30–31). In Ground (4)(b), Petitioner asserts he was deprived of his Sixth Amendment right to confrontation and compulsory process, such that he was prevented from establishing the state's Fourth Amendment violations. (Doc. 1 at 9; Doc. 2 at 27–31). In Ground (5), Petitioner asserts that he was deprived of procedural due process. (Doc. 1 at 10; Doc. 2 at 31–34).

The R&R found that Petition Grounds (2)(a), (3), (4)(a) and (b), and (5) are barred by *Stone v. Powell*, 428 U.S. 465 (1976), which held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494-95. (Doc. 25 at 28–32). The R&R found Petitioner failed to demonstrate he was not afforded an adequate hearing on his Fourth Amendment claims in Grounds (2)(a), (3), and (4)(a) (Doc. 25 at 29), and Grounds (4)(b) and (5) were merely recharacterizations of the aforementioned claims (Doc. 25 at 31).

In his objection, Petitioner challenges these findings on the basis that he did not have a full and fair opportunity to litigate his claims. (Doc. 28 at 11, 15–18, 19–20, 24–27). But the R&R correctly rejected these arguments when he presented them in his reply, finding that "the record supports a finding that Petitioner did have 'the opportunity to litigate his claim[s]' and that 'he did in fact do so.'" (Doc. 25 at 31–32). And, as the R&R recognized, Ninth Circuit precedent dictates the proper inquiry is "'whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided.'" (Doc. 25 at 29–30) (quoting *Newman v. Wengler*, 790 F.3d 876, 880 (9th Cir. 2015)). A defendant has that opportunity when state law provides the ability to move to suppress evidence on the basis that it was obtained in violation of the Fourth Amendment. *Gordon v. Duran*, 895 F.2d 610, 613 (9th Cir. 1990). Thus, because Petitioner had the opportunity to litigate his claim and did in fact file motions to suppress evidence in the trial court, his claims are non-cognizable. (Doc. 25 at 30).

**C. Merits**

In Ground (2)(b), Petitioner asserts his appellate counsel provided ineffective assistance by failing to search the record and find "that the court order approving the interception/search that led investigators to the Petitioner's identity was missing." (Doc. 2 at 13-14). In Ground (4)(c), Petitioner asserts his appellate counsel provided ineffective assistance by failing to raise an issue regarding the foundation of cell site data evidence. (Doc. 2 at 29-30).

The R&R found that Petition Grounds (2)(b) and (4)(c) fail on the merits. (Doc. 25 at 32). To the extent Petitioner objects to the R&R's merit finding on Grounds 2(b) and 4(c), he is incorrect. (Doc. 28 at 11–14, 19). The record shows Petitioner had not met his burden of proving that his appellate counsel was ineffective or that he had suffered prejudice in either instance. (Doc. 25 at 36–37). And Petitioner has failed to identify anything in the record to refute the R&R's finding that "Appellate counsel's decision to pursue stronger, and ultimately more successful, arguments over weaker ones [did] not constitute deficient performance" under *Strickland v. Washington*, 466 U.S. 668 (1984). (Doc. 25 at 37).

Accordingly,

**IT IS ORDERED** the R&R (Doc. 25) is adopted in full.

**IT IS FURTHER ORDERED** the Petition (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** Petitioner's Motion for Certificate of Appealability (Doc. 29) is **DENIED** because dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

**IT IS FURTHER ORDERED** Petitioner's Motion for Sanctions (Doc. 33) is **DENIED**.

**IT IS FURTHER ORDERED** Petitioner's Motion for Release on Own Recognizance Due to Exceptional Circumstances (Doc. 36) is **DENIED**.

…

…

**IT IS FUTHER ORDERED** the Clerk of Court shall enter judgment in Respondent's favor and close this case.

Dated this 6th day of June, 2025.

Honorable Roslyn O. Silver
Senior United States District Judge